IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID M. HAHN,

                                                               ORDER

                Plaintiff,

                                                        09-cv-555-bbc

     v.

MICHAEL BAENAN, PETER ERICKSEN,
PATRICK BRANT and SARAH COOPER,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this lawsuit brought pursuant to 42 U.S.C. § 1983, plaintiff David M. Hahn, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, alleges that while he was incarcerated at the Green Bay Correctional Institution, defendants Michael Baenen, Peter Ericksen, Patrick Brant and Sarah Cooper violated his Eighth Amendment rights by failing to protect him from a substantial risk of serious harm at the hands of another inmate.

Now before the court is defendants' motion for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies. Under Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In ruling on a motion for summary

1

judgment, the admissible evidence presented by the plaintiff must be believed and all reasonable inferences must be drawn in plaintiff's favor. Hunter v. Amin, 583 F.3d 486, 489 (7th Cir. 2009).

Defendants have attached to their motion the affidavit of Thomas Gozinske and a copy of plaintiff's inmate complaint history report, showing that plaintiff did not exhaust his administrative remedies on his Eighth Amendment claim. Plaintiff has submitted no evidence but argues that I would not have allowed him to proceed on his claim if he had not exhausted his administrative remedies. Plaintiff is not correct. As Magistrate Judge Crocker explained to plaintiff in his December 21, 2009 Preliminary Pretrial Conference order, failure to exhaust administrative remedies is an affirmative defense and it is one that, defendants may bring an early motion for summary judgment. Because there is no genuine issue of material fact related to exhaustion that requires a trial, defendants' motion will be granted. Id.

From the facts proposed by defendants and undisputed by plaintiff, I find that the following facts are material and undisputed.

## UNDISPUTED FACTS

Plaintiff David Hahn is an inmate at the Waupun Correctional Institution, Waupun, Wisconsin. At all time material to this action, he was incarcerated at the Green Bay

2

Correctional Institution, Green Bay, Wisconsin. Defendants Michael Baenen, Peter Ericksen, Patrick Brant and Sarah Cooper were employed at the Green Bay Correctional Institution.

Plaintiff filed offender complaints in which he asked to be transferred to a different institution, alleging that he was in danger at Green Bay because defendants were not protecting him from the danger presented by another inmate. When his complaints were denied, he did not appeal them to the corrections complaint examiner before filing this lawsuit.

## DISCUSSION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court challenging conditions of confinement. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999) ("[A] case filed before exhaustion has been accomplished must be dismissed.) To satisfy exhaustion requirements, a prisoner must take all steps, including appeals, prescribed by the prison's grievance system. Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006); Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner. Wis. Admin. Code §§ DOC 310.09. The complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend a disposition to the appropriate reviewing authority (the warden or the warden's designee) or direct the inmate to attempt to resolve the complaint informally. Id. at §§ 310.07(2), 310.09(4), 310.11, 310.12. If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Id. at § 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal to a corrections complaint examiner, who is required to conduct an additional investigation when appropriate, and make a recommendation to the Secretary of the Wisconsin Department of Corrections. Id. at § 310.13. Within ten working days following receipt of the corrections complaint examiner's recommendation, the Secretary must accept the recommendation in whole or with modifications, reject it and make a new decision or return it for further investigation. Id. at § 310.14.

Although plaintiff complained to prison officials about his safety concerns, as demonstrated by several documents attached to his complaint, he did not appeal the adverse

4

decisions on those complaints. By failing to use the entire administrative process he deprived the institution of a full opportunity to consider his complaint. Therefore, under the Prison Litigation Reform Act, his case must be dismissed without prejudice. 42 U.S.C. § 1997e(a); Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that

1.  The motion for summary judgment, dkt. #16, filed by defendants Michael Baenen, Peter Ericksen, Patrick Brant and Sarah Cooper is GRANTED. This case is DISMISSED without prejudice for plaintiff David M. Hahn's failure to exhaust his administrative remedies. The clerk of court is directed to enter judgment for defendants and close this case.

2.  Plaintiff's motion for appointment of counsel, dkt. #22, is DENIED as moot.

Entered this 5th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge